By the Court.
The defendants in error were plaintiffs in the court of common pleas, where they brought suit to recover a commission alleged to be due them as real estate brokers on the sale of lots in Harper’s addition to Findlay. They alleged that by the terms of their contract with the proprietors they were to have the exclusive right to sell the lots, and that afterwards the proprietors, in violation of said contract, sold certain of the lots to McKinnis who was a member of the firm of brokers, and to another who was not, thereby preventing them from making the sale, to their damage in the amount of the commissions agreed upon.
The proprietors, Harper and his associates, answered denying the averments of the petition, except that they were co-partners, and alleging* that when the lots were sold and conveyed McKinnis, in consideration of a reduced price, agreed that no commission should be charged by his firm.
*435 The reply was a general denial.
. On the trial the plaintiffs offered evidence in support of the allegation of their petition.
The evidence offered by Harper and his associates showed that Harper and McKinnis represented their respective firms in making the original contract placing the lots in the hands of the brokers; that no sales had been made by them at the time of the contract of sale to McKinnis and another, that at the time of said sale it was agreed by McKinnis that, in consideration of the reduced price at which the lots were sold, no commission should be charged.
On this state of the evidence the court directed a verdict for the plaintiffs, and the judgment following such verdict was affirmed in the circuit court.
In support of the judgment it is said that to hold that Harper and his associates are discharged by the subsequent contract, would be to sanction a legal fraud perpetrated by McKinnis upon his partners,- since within the knowledge of all the parties to the sale he was devoting to his personal use a credit which was an asset of his firm. But no saie had been made and no commission was earned. There was, therefore, no credit. By this stipulation in the contract of sale, McKinnis merely terminated the engagement of the brokers as to the sale of these lots, and in doing so he exercised the same power as when he entered into the original contract. Since no claim had accrued in favor of the firm of brokers, we need not inquire as to the effect of an acquittance given by one member.

Judgment reversed and cause remanded to the court of common pleas for a new trial.